# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED A. GARCIA, | No. 2:15-CV-2547-TLN-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pending before the court are plaintiff's motion for summary judgment (Doc. 17) and defendant's cross-motion for summary judgment (Doc. 22).

/ / /

/ / /

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on December 31, 2012. In the application, plaintiff claims that disability began on December 5, 2011. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on February 27, 2014, before Administrative Law Judge ("ALJ") Trevor Skarda. In a March 21, 2014, decision, the ALJ concluded that plaintiff was not disabled through the date last insured (March 31, 2013) based on the following relevant findings:

1. Through the date last insured, the claimant had the following severe impairment(s): short QT syndrome, cerebrovascular accident, cardiac arrest history with organic brain injury, and depression/adjustment disorder;

2. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled an impairment listed in the regulations;

3. Through the date last insured, the claimant had the following residual functional capacity: the claimant could perform light work, except: the claimant could never climb ladders, ropes, or scaffolds; the claimant should avoid concentrated exposure to operational control of dangerous moving machinery and unprotected heights; he was limited to work involving simple, routine, and repetitive tasks; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, through the date last insured there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

After the Appeals Council declined review on October 9, 2015, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to

support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

Plaintiff's argument, in its entirety, is as follows:

> Plaintiff in this action seeks remand case to ALJ.
>
> Side effects of medications and depression (PTSD) along with magnitude of headache were not included in RFC or MRFC decision (A.T. pg. 74-76).
>
> This has been a very trying time physically and emotionally. The loss has been almost unbearable. All of the things I have lost: health, job, home, CDL license, skills, respect, and my Lawyer, etc. The loss and pain never stop coming but was very hard to kept track of and accurately describe. The V.A. has been impossible to get in to make appointments. This made it hard to remember what was original and what new ailments were developing. This added to the stress plus family members asking me what I was doing about Social Security. All of this plus depression has made it life impossible.

Plaintiff also submits new medical records covering a period after the date last insured.

///

3

Regarding depression, the ALJ stated:

> The claimant's depression and anxiety cause no more than mild restrictions in activities of daily living, mild difficulties in the ability to maintain social functioning, and moderate deficiencies of concentration, persistence, or pace. The claimant is able to maintain personal hygiene and grooming. The claimant states that he does do household chores, errands, shopping, cooking, dressing, and bathing. His outside activities include going to the library. The claimant states that he handles his own financial affairs with some help from family members. The claimant has experienced no episodes of decompensation, which have been of extended duration.

Plaintiff does not point to any flaw in the ALJ's analysis, and the court finds none. To the contrary, the hearing decision reflects that the ALJ carefully considered the medical evidence of record concerning plaintiff's mental impairments. In particular, the ALJ noted the near unanimous opinions of the medical experts that plaintiff's mental impairments did not pose significant limitations.

Regarding headaches, the ALJ noted the opinion of state agency consultant L. Kiger, M.D., that plaintiff was capable of essentially light work with the same physical limitations assessed by the ALJ. In reaching this opinion, Dr. Kiger considered plaintiff's complaints of headaches and a note in the medical record indicating that, while plaintiff complained of headaches, he also stated that he is fine with medication. Moreover, as defendant notes, plaintiff refused a daily headache medication. Plaintiff's treating doctor noted the following in December 2012:

> Since he is a poor historian, it is difficult to determine the exact cause of his headaches, but we suspect his headaches are likely related to his sedentary lifestyle and his prolonged usage of the computer on a regular basis. We offer the patient a trial with gabapentin on a daily basis, but he declined. He prefers to use Naproxen as needed for his headaches.

Again, plaintiff does not explain how the ALJ's treatment of plaintiff's headache complaints was flawed. Indeed, as defendant also notes, the conservative course of treatment plaintiff favored supports the ALJ's residual functional capacity assessment. See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995).

4

Finally, regarding side effects of medications, the ALJ properly excluded the issue because plaintiff never alleged any debilitating side effects of medication. See Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001).

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, the undersigned recommends that:

1. Plaintiff's motion for summary judgment (Doc. 17) be denied;
2. Defendant's cross-motion for summary judgment (Doc. 22) be granted; and
3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2017

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE